# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,     :     Case No. 3:09-cr-045

                                    District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

CALILIN GRANT,

          Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Calilin Grant's Petition for Return of More Than $500,000 in Seized Property (Doc. No. 224). The United States opposes the Motion (Response, Doc. No. 228). Grant has not filed a reply in support within the time allowed by S. D. Ohio Civ. R. 7.2.

Grant does not identify the seized property which he believes should be returned, but the United States has identified three different categories of property forfeited in connection with this case. Different rules apply to each and they will be discussed separately.

**2009 BMW X6**

This automobile was forfeited as part of the criminal judgment in this case (Judgment, Doc. No. 181, PageID 665). Grant had agreed to the forfeiture as part of his September 21,

1

2011, Plea Agreement (Doc. No. 162, PageID 613).  In the Plea Agreement, he also agreed to waive all challenges to that particular forfeiture accepted as part of the Statement of Facts that this property was derived from drug proceeds. *Id.*

On the authority cited by the United States, any challenge to the criminal forfeiture of the BMW was required to be raised on direct appeal, but was not (Response, Doc. No. 228, PageID 1024).  The Motion for Return should therefore be denied as to the 2009 BMW.

**Cadillac Escalades and Dodge Challenger**

A 2005 and a 2008 Cadillac Escalade and a 2008 Dodge Challenger were forfeited by judgment in *United States v. 2009 BMW X6, et al.,* Case No. 3:10-cv-376, a civil forfeiture action.  In the Plea Agreement, Grant acknowledged actual notice of the civil case, waived any claim he may have had, and agreed to the forfeiture of those three vehicles (Doc. No. 162, PageID 614).

Because the United States initiated civil forfeiture proceedings against these three vehicles, this Court does not have subject matter jurisdiction under Fed. R. Crim. P. 41, the rule under which Grant brings his Motion, to consider his claim.  *United States v. Griffin,* 993 F.2d 1548 (6th Cir. 1993), *see* 1993 U.S. App. LEXIS 11560 (6th Cir. 1993)..

Any claim with respect to these three vehicles must be dismissed for lack of subject matter jurisdiction.

**Other Forfeited Property**

In Exhibit A to its Response, the United States lists additional property seized in connection with this case and administratively forfeited, to wit, $61,451.00 in cash, three more vehicles, assorted jewelry and six firearms (Doc. No. 228-1, PageID 1028).  The Response also shows that both Grant and his counsel received notice of the administrative forfeiture and never made a claim to this property.

Upon the authority cited by the United States in its Response (Doc. No. 228, PageID 1026), this Court lacks authority to consider Grant's claim to this property on a motion under Fed. R. Crim. P. 41.  Therefore any claim as to this property must be dismissed.

**Conclusion**

Based on the foregoing analysis, Grant's Motion for Return of Seized Property should be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 15, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).