IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff

vs

        Case No.   3:09-CR-45 (7)
        Judge Thomas M. Rose

CALILIN J. GRANT

        Defendant

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE (DOC. #225)**

---

The above captioned matter comes before the Court pursuant to Defendant's Motion for Reduction of Sentence (Doc. #225) filed March 27, 2015.  The Government filed a Response in Opposition to Defendant's Motion to Reduce Sentence (Doc. #231) on June 30, 2015.

On January 13, 2012, Defendant was sentenced to 180 months for Conspiracy to Possess with Intent to Distribute in Excess of Five Kilograms of Cocaine.  At sentencing the Court determined that Defendant's relevant conduct was at least 15 kilograms but less than 50 kilograms of cocaine which resulted in a base offense level of 34.  That base offense level was increased by two points pursuant to U.S.S.G. §2D1.1(b)(1) based upon the Defendant's possession of a firearm during the drug trafficking conspiracy.  With a three level reduction for acceptance of responsibility and timely notification of intention to plea, pursuant to U.S.S.G. §§3E1.1(a) and (b) the Defendant's total offense level was found to be 33.  The Court also determined the Defendant's criminal history category to be V.  Based upon the offense level of 33 and criminal history category of V, Defendant's guideline imprisonment range was 210 to 262 months.  Based upon the Court's

evaluation of the sentencing factors at 18 U.S.C. 3553(a)(1), (a)(2) and (a)(6) the Court found a sentence of 180 months, (30 months below the guideline imprisonment range), was a sentence that meets the goals of sentencing but not more than necessary.

The Defendant now requests the Court for a reduction of his previous sentence of 180 months to 138 months, a total of 42 months.   The requested sentence is also six years below the Defendant's original guideline imprisonment range.

After considering the Defendant's Motion, the Court finds that Defendant meets the criteria for eligibility for a reduction of sentencing based upon the retroactive drug guideline amendment 782, effective November 1, 2014.   By applying the new drug guideline, Defendant's total offense level would be reduced to 31 with his criminal history category V.   The Defendant's new imprisonment range would be 168 to 210 months.   Further in its consideration, the Court finds that the Defendant is only eligible for a reduction to 168 months which is the minimum of the amended guideline, pursuant to U.S.S.C. 1B1.10(b)(2)(A).

Therefore, the issue before the Court is what sentence within a range of 168 to 180 months is a sentence that meets the goals of sentencing but not more than necessary.

The Court in its original sentencing and in deciding this Motion considered the fact that Defendant received and sold kilograms of cocaine between 2006 and 2009.   With his proceeds he purchased significant assets of which $500,000 ($250,000 jewelry) was seized.   Agents also seized currency, 1,400 grams of heroin, seven firearms located in locations known to be associated with Defendant's drug distribution activities.

Defendant's criminal history began at the age of 16.   Although, as an adult, a significant portion of his convictions did not score criminal history points, Defendant scored 11 criminal history points which placed him in the criminal history category of V.   Defendant was on community control at the time of the offense.

After reconsidering all the factors of sentencing including the Defendant's significant criminal history and the nature and seriousness of the Defendant's offense, the Court's original sentence is still the sentence that meets the goals of sentencing and not more than necessary. To afford Defendant any further reduction would endanger public safety. 1B1.10 Application Note 1(B)(ii) and would not, in this Court's opinion, meet the goals of sentencing.

Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.

September 30, 2005                                                                 s/Thomas M. Rose

                                                                     Thomas M. Rose, Judge
                                                       United States District Court