UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 3:09-cr-45 |
| : | |
| v. : | |
| : | Judge Thomas M. Rose |
| CALILIN GRANT, : | |
| : | |
| Defendant. : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE (DOC. NO. 237)**

This case is before the Court on the Motion for Early Release (Doc. No. 237) (the "Motion"), filed by Calilin Grant ("Grant"). Grant is currently incarcerated at FCI Manchester in Kentucky. He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391), such that he would be released to home confinement. (Doc. No. 237 at PageID 1282.) For the reasons discussed below, the Court **DENIES** Grant's Motion.

I.      BACKGROUND

On July 27, 2010, the Government filed the Second Superseding Indictment alleging separate counts against Grant relating to conspiracy to possess with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, possession of a firearm by a convicted felon, and possession with the intent to distribute heroin. (Doc. No. 86 at PageID 337-44.) On September 21, 2011, pursuant to a plea agreement, Grant plead guilty to Count One of the Indictment, conspiracy to possess with intent to distribute cocaine. (See Doc. No. 162.) The

1

Statement of Facts attached to the Plea Agreement, signed by Grant and his attorney, states:

> Beginning on an exact date unknown, but at least by on or about December 15, 2006, and continuing up to and including in or about March 2009, in the Southern District of Ohio, and elsewhere, the Defendant, Calilin J. Grant, (here in after "Defendant") and others known and unknown, did conspire, confederate, and agree, and have a tacit understanding with each other, to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute cocaine, namely, at least 5 kilograms of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841 (a) (1) and (b)(1)(A).
>
> As a member of the conspiracy, Defendant obtained distribution quantities of cocaine from suppliers and distributed and/or possessed cocaine with intent to distribute.
>
> During the course of the conspiracy, the Defendant possessed at least one firearm.
>
> Federal Drug Enforcement Agents of the Dayton Resident Office executed numerous search warrants during the investigation of Defendant's conspiratorial activities. Upon execution of the warrants, jewelry in the approximate value of $250,000, $50,000 in U.S. currency, numerous firearms, 20 pounds of a known heroin "cutting agent" and 1400 grams of heroin among other items were seized.
>
> Defendant has at all relevant times maintained dominion and control over the 2009 BMW X6, VIN:5UXFG83529LZ93989. The 2009 BMW X6, was purchased with drug proceeds. Defendant gave Paul McCathron drug proceeds to purchase the 2009 BMW X6. Defendant, had the 2009 BMW X6 registered to Paul McCathron even though Defendant was the true owner.

(Doc. No. 162 at PageID 616.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that detailed Grant's criminal history. Prior to this case, Grant had sustained multiple drug convictions, including for: possession of crack cocaine (1997); possession of heroin (2006); and, possession of marijuana (2008). (*See* PSR ¶¶ 81, 98, 100.) Grant also had multiple convictions for other serious crimes, including for: theft (1996); domestic violence/threat of force (2004); obstructing official business (2004); and, multiple instances of disorderly conduct (1997, 2001, 2009). (*See* PSR ¶¶ 79, 80, 83, 93, 94, 102). The PSR also reported that Grant suffered from anxiety, but it did not list any other serious medical conditions at the time of the offense. (PSR ¶¶ 145.)

At sentencing, the Court imposed a 180-month term of incarceration. (Doc. No. 181.) Grant is currently 43 years old and has an anticipated release date of February 13, 2025. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited March 24, 2022).)

On December 10, 2021, Grant filed the Motion. (Doc. No. 237.) The Government filed its response on February 10, 2022 (Doc. No. 244), and Grant filed his reply on February 24, 2022 (Doc. No. 245). The matter is fully briefed and ripe for review.

II. ANALYSIS

A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable,

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

3

support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or

---

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Grant asks the Court to commute his sentence or grant him early release to home confinement. (Doc. No. 237 at PageID 1282.) Grant states that he "suffers from obesity, hypertension, and a newly found heart condition." (*Id*. at PageID 1284.) Grant further states that he has worked at his rehabilitation and that he has detailed plans to start several businesses upon his release from prison. (*Id*. at PageID 1285.) Grant has also obtained several certificates while in prison relating to various technical skills. (*See* Doc. No. 237-3.)

In response, the Government argues that the BOP has taken significant measures to protect inmates from COVID-19. (Doc. No. 244 at PageID 1348.) The Government further argues that Grant has not demonstrated an "extraordinary or compelling reason" to justify his release because his cited medical conditions are either insufficient or undiagnosed. (*Id*. at PageID 1353-55.) Finally, the Government argues that Grant's release is not warranted by the 18 U.S.C. § 3553(a) factors. (*Id*. at PageID 1358-60.)

#### 1. Section 3582 Considerations

Grant does not satisfy the Section 3582 requirements. Regarding the first requirement, the Court finds that Grant has not established "extraordinary and compelling circumstances." The Court may deny a motion for compassionate release if the movant fails to provide any records supporting the claimed medical ailments that form the basis of the "extraordinary and compelling reasons" warranting a reduction in the term of imprisonment. *Elias*, 984 F.3d at 520 (holding that the district court could have denied movant's motion where she failed to provide any records that she had hypertension); *United States v. Green*, No. 3:17-cr-00189, 2021 U.S. Dist. LEXIS 49871,

2021 WL 1020412, at *6 (S.D. Ohio Mar. 17, 2021) (denying movant's motion for compassionate release where he failed to provide any records in support his asserted medical conditions). Grant submitted medical records and those records show that he was diagnosed with COVID. (Doc. No. 237-2 at PageID 1310.) Those documents further show he was prescribed a medication for hypertension. (*Id.* at PageID 1314.) However, there is no diagnosis regarding the severity of his hypertension nor the undiagnosed heart condition he is currently being monitored for.

As Grant's heart condition is undiagnosed and lacks documentation, the Court will not consider it here. As for Grant's obesity and hypertension, multiple courts have found that those conditions, in combination with COVID-19, "'do not constitute an extraordinary and compelling reason for compassionate release.'" *United States v. McGinnis*, No. 3:16-CR-147, 2022 U.S. Dist. LEXIS 239, at *1, 2022 WL 23369 (M.D. Tenn. Jan. 3, 2022) (quoting *United States v. McKinnie*, No. 1:16-CR-304, 2020 U.S. Dist. LEXIS 155823, 2020 WL 5087058, at *2 (N.D. Ohio Aug. 27, 2020); *See also United States v. Wilfred*, 2020 U.S. Dist. LEXIS 135402, 2020 WL 4365531, *4-5 (E.D. La. July 30, 2020) ("courts have found that obesity—alone or paired with hypertension—does not provide adequate grounds for compassionate release"). The Court therefore finds that Grant has not established an extraordinary and compelling reason for compassionate release.

Regarding the second requirement, given that Grant (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Grant's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Grant accepted responsibility for his actions and appears to have taken advantage of various

educational courses while incarcerated. Grant has further proposed a release plan that appears ambitious and well thought out.

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Grant is currently incarcerated involved large quantities of cocaine. (Doc. No. 51 at PageID 147, 149, 155.) Cocaine is a dangerous drug, listed as a Schedule II drug under the Controlled Substances Act. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); 21 U.S.C. § 1308.12(b)(4).

Additionally, Grant's criminal history shows that the offense in this case was his fourth drug related conviction. (PSR ¶¶ 81, 98, 100.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Having considered the parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that reduction in the term of imprisonment is not warranted.

### III. CONCLUSION

Although the Court is sympathetic to Grant's arguments about the fear of contracting COVID-19 and the Court commends Grant for the efforts he has taken to improve himself while

7

incarcerated, the Court finds he has not satisfied the Section 3582 requirements.  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Early Release (Doc. No. 237).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 28, 2022.

                                                          s/Thomas M. Rose
                                             _____
                                                THOMAS M. ROSE
                                         UNITED STATES DISTRICT JUDGE